## Richmond.

### JINKINS & ALS. V. LAWRENCE & ALS.

#### APRIL 11th, 1889.

WILLS—*Devise—Construction—Case at bar.*—Testator owned two distinct lots, numbered 712 and 714, with houses on them, separated by a space consisting of 5 feet of 714 and 14½ feet of 712, a fence being on the dividing line. The 5 feet were paved as an alley to 714 as a side entrance when he bought the property as one. He devised his two brick houses and lots, and the vacant lots between them, to defendants. Later, he by codicil devised the brick house and lot 712, and the vacant lot between it and 714, to complainants: *held,* the codicil did not revoke the devise as to the 5-foot alley, which passed to defendants as part of 714.

Appeal from decree of chancery court of city of Richmond, rendered April 21, 1888, in the suit of Wm. S. Jinkins and wife, Wm. Y. and A. L. Jinkins, and C. B. Jinkins, an infant, by, &c., (who are the appellants here) against James F. Lawrence and Arietta his wife, and their infant children, Rosa P., Sarah A. and James F. Lawrence, and R. D. Wortham, trustee. Opinion states the case.

*George P. Haw, W. W. Wortham,* for the appellants.

*Meredith & Cocke,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The object of the suit is to obtain the construction of two devises made in the last will and testament of J. J. Pendleton,

deceased, which was admitted to probate in the chancery court of the city of Richmond on the 6th day of October, 1885.

The fifth clause of the said will is in these words and figures, viz:

"Fifthly. I give and devise unto my executor hereinafter named, my two brick houses and lots Nos. 712 and 714, and also the vacant lot between these said two houses, situated on the north side of Clay street, between Munford and Gilmer streets (the said two houses, lots, and vacant lot being the ones nearest to Munford street), to hold to my said executor and his heirs and assigns forever upon the following trust, nevertheless—that is to say, for the use and benefit of both my nephew, James F. Lawrence, and his wife, Arietta Lawrence, during the term of their natural lives, and upon the death of either, to the survivor of them; and at their death, he, my said executor, shall sell the said houses and lots, and shall divide the proceeds arising from the sale thereof equally between all of the children of the said James F. Lawrence that are now living or that may hereafter be born to him in lawful wedlock; the issue of any child or children dying, leaving issue, to take the share of his, her, or their parents."

The testator made a codicil to his said will on the 27th day of November, 1884, as follows, viz:

"Whereas I, J. J. Pendleton, have made my last will in writing, bearing date the 13th day of February, 1883, now I do hereby make this codicil thereto, to be taken as part thereof: I do hereby revoke that part of the devise contained in the fifth clause of my said will which relates to the house and lot, No. 712, on Clay street, and the vacant lot between this house and lot No. 712, and lot No. 714; and I do hereby give and devise this said brick house and lot, No. 712, and the vacant lot between this and the adjoining property, No. 714, to my executor named in my said will upon the following trust for the use and benefit of my friend, William S. Jinkins, and his wife, Isabella, during the term of their natural lives; and he,

my said executor, shall permit them, or the survivor of them, to manage the said property and to receive the rents, issues, and profits arising therefrom; and upon the death of both of them, the said property shall pass in fee to the children of the said William S. Jinkins and Isabella, his wife. I desire to say that the above devise is made as a grateful acknowledgment of the kind attention shown to me by my friend, William S. Jinkins, during my sickness."

The appellants contend that under the said codicil to said will they take the house and lot 712 and the whole of the vacant land—that is, the ground not actually built upon, between *the house* No. 712 and *the house* No. 714, which is nineteen feet and six inches. The appellees answered the bill, and denied that the appellants are entitled to the five-foot alley, which is, and has always been, a part of lot No. 714, as known in the plan of the city; and in their answer they set forth facts which the appellants expressly admit to be true.

The lower court decided against the claim of the appellants to the five-foot alley, and held that the codicil did not revoke the fifth clause of the will as to the said five feet, and that it was devised and went to the appellees as an essential and obvious component part of lot No. 714, devised to them by the will.

The only question presented by this appeal is whether the chancery court of the city of Richmond, in its decree, properly construed the fifth clause of the will and the codicil of the testator?

We are of opinion that the decree complained of is plainly right, and that the construction of the will and codicil of the testator, made by the said decree, is manifestly just and true to the intention of the testator. Indeed, it is difficult to understand how there could be any doubt or contention as to the explicit and discriminating directions of the testator.

The record shows that all the property mentioned in the fifth clause of the will and in the codicil, were two lots—Nos.

712 and 714, west Clay street. The lots were adjoining lots, but separate and well defined, and had never been merged; and the vacant space between the two houses consisted of a portion of each separate lot—viz., the eastern five feet of lot No. 714 and the western fourteen feet six inches of lot No. 712, defined by a fence which has always been on the dividing line between the two lots, as numbered on the city plan, 714 and 712, respectively. The said five feet of space was, during the life time of the testator and at the time he bought the lot No. 714, its side entrance, and had been for many years paved with stone and used as an indispensable necessity and part of lot No. 714, and it was an exact complement of the 27 feet front of lot 714, conveyed by deed of October 15th, 1867, from Charles Heiss and wife to John J. Pendleton, the testator.

When the testator made his will, February 13th, 1883, he devised his two lots, No. 712 and No. 714, and the vacant space, of course, "*between these two said houses*," to his nephew, James F. Lawrence, and his wife for their joint lives, remainder to their children in fee; but when he came to alter this devise by the codicil made November 27th, 1884, so as to take away from his nephew and wife and children lot No. 712, and to devise it to his friend, William S. Jinkins, and his wife and children, he carefully discriminates his language, and devises to William S. Jinkins and wife, with remainder to their children, "this said brick house and lot, No. 712, and the vacant lot between this *and the adjoining property, No.* 714." In the fifth clause of the will he devised all the unoccupied space as the "vacant lot between *these two said houses*," but when he came, nearly two years thereafter, to modify this devise of *both* his two brick houses and lots, Nos. 712 and 714, to his nephew, he uses the careful and significant description of what he devises to his friend Jinkins and wife and children, "this said brick house and lot, No. 712, and the vacant lot between this and the *adjoining property*," having first said in the codicil, "I do hereby revoke that part of the devise contained in the fifth

clause of my said will which relates to the house and lot, No. 712, on Clay street, and the vacant lot between this house and lot, No. 712, and lot No. 714."

There is no error in the decree appealed from, and it is affirmed.

DECREE AFFIRMED.